1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JONATHON TAYLOR,

11

Plaintiff,

12

v.

13

CAROLYN W. COLVIN, Acting
Commissioner of the Social Security
Administration,

14

15

Defendant.

16

CASE NO. 13-cv-05587 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17    This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18 Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19 Magistrate Judge and Consent Form, ECF No. 3; Consent to Proceed Before a United

20 States Magistrate Judge, ECF No. 4). This matter has been fully briefed (*see* ECF Nos.

21 10, 12, 13).

22    After considering and reviewing the record, the Court concludes that the new

23

24 evidence demonstrates that the ALJ's finding that there is no evidence of an inability to

ORDER ON PLAINTIFF'S COMPLAINT - 1

1  ambulate effectively is not a finding based on substantial evidence in the record as a

2  whole. Therefore, this matter is reversed and remanded pursuant to sentence four of 42

3  U.S.C. § 405(g) for further consideration.

4  BACKGROUND

5  Plaintiff, JONATHON TAYLOR, was born in 1982 and was 26 years old on the

6  alleged date of disability onset of June 15, 2008 (*see* Tr. 206, 208). Plaintiff obtained his

7  GED, but has no further education or training (Tr. 55).   Plaintiff has past work

8  experience as an assembly person for a cable company, security person, and lumber yard

9  cleaner (Tr. 55-57).  He was last employed in the lumber yard but was injured and has not

10  worked since the injury (Tr. 57).

11  

12  At the time of the hearing, plaintiff was living in an apartment with a roommate

13  (Tr. 54).

14  Plaintiff has at least the severe impairments of "adjustment disorder with mixed

15  anxiety and depression; and degenerative disc disease of the lumbar spine with chronic

16  pain (20 CFR 404.1520(c) and 416.920(c))" (Tr. 29).

17  PROCEDURAL HISTORY

18  Plaintiff filed an application for disability insurance ("DIB") benefits pursuant to

19  42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to

20  42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act (*see* Tr. 206-212). The

21  applications were denied initially and following reconsideration (Tr. 86-87, 96-97).

22  Plaintiff's requested hearing was held before Administrative Law Judge Robert P.

23  Kingsley ("the ALJ") on May 2, 2012 (*see* Tr. 45-77). On June 25, 2012, the ALJ issued

24

1  a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to

2  the Social Security Act (*see* Tr. 24-44).

3      On June 28, 2013, the Appeals Council denied plaintiff's request for review,

4  making the written decision by the ALJ the final agency decision subject to judicial

5  review (Tr. 1-6). *See* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court

6  seeking judicial review of the ALJ's written decision in July, 2013 (*see* ECF No. 1).

7  Defendant filed the sealed administrative record regarding this matter ("Tr.") on

8  September 20, 2013 (*see* ECF Nos. 7, 8).

9

10     In plaintiff's Opening Brief, plaintiff raises the following issues:   (1) Whether or

11  not the Commissioner erred by failing to find that plaintiff met or equaled a Listing; (2)

12  Whether or not the Commissioner erred in evaluating opinion evidence; (3) Whether or

13  not the Commissioner erred in assessing plaintiff's credibility; (4) Whether or not the

14  Commissioner erred in formulating the Residual Functional Capacity determination; and

15  (5) Whether or not the Commissioner's decision lacked the support of substantial

16  evidence (*see* ECF No. 10, p. 2).

17                          STANDARD OF REVIEW

18     Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's

19  denial of social security benefits if the ALJ's findings are based on legal error or not

20  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

21  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

22  1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is

23

24  such "'relevant evidence as a reasonable mind might accept as adequate to support a

1  conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v.*

2  *Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

3  <u>DISCUSSION</u>

4
   **(1)     Whether or not the Commissioner erred by failing to find that plaintiff
5          met or equaled a Listing.**

6  At step-three of the administrative process, if the administration finds that the

7  claimant has an impairment(s) that has lasted or can be expected to last for not less than

8  twelve months and is included in Appendix 1 of the Listings of Impairments, or is equal

9  to a listed impairment, the claimant will be considered disabled without considering age,

10  education and work experience. 20 C.F.R. § 404.1520(d). Plaintiff bears the burden of

11  proof regarding whether or not he "has an impairment that meets or equals the criteria of

12  an impairment listed" in 20 C.F.R. pt. 404, subpt. P, app. 1 ("the Listings").  *Burch v.*

13  *Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005), *as modified to render a published opinion*

14  *by* 2005 U.S. App. LEXIS 3756 (9th Cir. 2005).

15
   Here, the ALJ found at step two of the sequential disability evaluation process that
16
   plaintiff had the severe impairment of degenerative disc disease of the lumbar spine with
17
   chronic pain (Tr. 29). He discussed plaintiff's August, 2009 cervical spine CT revealing
18
19  "central disc protrusions at L4-L5 and L5-S1 with moderate narrowing of the central

20  canal and effacement of the thecal sac" (Tr. 29 (*citing* Exhibit 3F/1)). He also discussed

21  plaintiff's diagnosis and examination by Dr. Mark Schlauderaff, M.D. of chronic lumbar

22  pain with the recommended core-strengthening exercise (Tr. 29-30 (*citing* Exhibit 5F/1)).

23  Additionally, the ALJ noted plaintiff's X-rays of the lumbar spine, showing mild

24

1   degenerative disc disease at the L5-S1 level, but no clinical signs or symptoms of

2   radiculopathy on examination with Dr. Matthew Gambee, M.D. (*see* Tr. 30 (*citing*

3   Exhibit 12F/3)). The ALJ also noted plaintiff's lumbar spine MRI of January 18, 2011,

4   revealing "large broad based central disc protrusion at L4-5, which did not appear

5   significantly changed from his prior CT scan (internal citation to Exhibit 15F/16), and

6   [also revealing a] large broad based central disc protrusion at L5-S1, which appeared

7   mildly larger compared to his prior CT scan (internal citation to Exhibit 15F/16)" (Tr.

8   30).

9

10   However, the ALJ did not discuss a treatment record indicating that a walker was

11   ordered for plaintiff after discussion with PA-C Resa Delany (*see* Tr. 303). This new

12   evidence, which was not part of the record before the ALJ, includes the following report

13   in the treatment record:

14           [Plaintiff] has his back 'go out' about once every 3 months and it lasts
             from 1-2 weeks. During those times he often needs help with transferring
15           as well as getting into the shower and such. He thinks he would be able
             to be a bit more independent if he had a walker that he could use during
16           those times.

17   (Tr. 797). The walker was ordered for plaintiff after this treatment examination (*see id.*).

18       The Court may review new evidence presented first to the Appeals Council when

19   determining whether or not "in light of the record as a whole, the ALJ's decision was

20   supported by substantial evidence and was free of legal error." *Taylor v. Comm'r of SSA*,

21   659 F.3d 1228, 1232 (9th Cir. 2011) (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-54

22   (9th Cir. 1993)). The Ninth Circuit did not require a finding that plaintiff had good cause

23

24

1   for failing to produce the new evidence earlier. *See Ramirez, supra*, 8 F.3d at 1451-54;

2   *see also Taylor, supra*, 659 F.3d at 1232.

3          According to the Ninth Circuit, "when a claimant submits evidence for the first

4   time to the Appeals Council, which considers that evidence in denying review of the

5   ALJ's decision, the new evidence is part of the administrative record, which the district

6   court *must* consider in determining whether [or not] the Commissioner's decision is

7   supported by substantial evidence." *Brewes v. Comm'r of SSA*, 682 F.3d 1157, 1159-60

8   (9th Cir. 2012) (emphasis added); s*ee also Shalala v. Schaefer*, 509 U.S. 292, 297 n.2

9   (1993) (*citing* 42 U.S.C. § 405(g) (sentence six); *Melkonyan v. Sullivan*, 501 U.S. 89, 99-

10  100 (1991).

11

12         Here, when making his step two finding that plaintiff did not meet or equal a

13  Listed impairment, the ALJ found that there "is no evidence of an inability to ambulate

14  effectively" (*see* Tr. 30-31). Similarly, when discussing plaintiff's credibility, the ALJ

15  found that "the claimant testified that he uses a walker in case his 'back goes out'; yet,

16  there is no evidence in the medical record that he has been prescribed a walker or needs

17  one (internal citation to Exhibit 16F/4)" (Tr. 36). Both of these findings are not supported

18  by substantial evidence in the record as a whole, as the new evidence, while not available

19  to the ALJ at the time he penned the written decision, nevertheless demonstrates that

20  plaintiff's walker was prescribed and that there is at least some evidence of an inability to

21  ambulate effectively (*see* Tr. 797).

22

23         Defendant contends that plaintiff's new evidence does not demonstrate ineffective

24  ambulation and cites a regulatory definition, including, for example, "the inability to

1    carry out routine ambulatory activities" (*see* Response, ECF No. 12, p. 6). As the

2    treatment record indicates that plaintiff's walker was prescribed due to difficulty "getting

3    into the shower and such," the record may support an inability by plaintiff to carry out

4    routine ambulatory activities; yet, this is not a decision for the Court. It is for the ALJ to

5    analyze this record in the first instance and make a step three determination that can be

6    upheld by this Court if it is based on substantial evidence in the record as a whole.

7         Defendant also offers other reasoning not provided by the ALJ, but according to

8    the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review

9    the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not

10   *post hoc* rationalizations that attempt to intuit what the adjudicator may have been

11   thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v.*

12   *Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v.*

13   *Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision

14   on a ground not actually relied on by the agency") (*citing Chenery Corp, supra*, 332 U.S.

15   at 196). Regarding lumbar spinal stenosis or narrowing, the Court notes the ALJ's

16   notation to plaintiff's August, 2009 CT revealing "central disc protrusions at L4-L5 and

17   L5-S1 with moderate narrowing of the central canal and effacement of the thecal sac"

18   (Tr. 33 (*citing* Exhibit 3F/1, *i.e.*, Tr. 318)).

19        For the reasons stated, the Court concludes that the ALJ's finding that there "is no

20   evidence of an inability to ambulate effectively" (*see* Tr. 30-31) is not based on

21   substantial evidence in the record as a whole. For the reasons discussed below, the Court

22   also concludes that this is not harmless error.

1    The Ninth Circuit has "recognized that harmless error principles apply in the

2  Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

3  (*citing Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th

4  Cir. 2006) (collecting cases)). The court also noted that the Ninth Circuit has "adhered to

5  the general principle that an ALJ's error is harmless where it is 'inconsequential to the

6  ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec.*

7  *Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted

8  the necessity to follow the rule that courts must review cases "'without regard to errors'

9  that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinsheki v.*

10  *Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28 U.S.C. § 2111) (codification of the

11  harmless error rule)).

12

13    The ALJ based his step three finding that plaintiff did not have an impairment or

14  combination of impairments that met or medically equaled the severity of Listed

15  impairment 1.04 pursuant to Listing 1.04C because pursuant to "1.04C, the claimant must

16  show evidence of lumbar spinal stenosis resulting in inability to ambulate effectively

17  [and] There is no evidence of an inability to ambulate effectively" (Tr. 30-31). The new

18  evidence, while not available to the ALJ at the time, potentially demonstrates an inability

19  to ambulate effectively, and thus demonstrates an error in this finding by the ALJ.

20    This error formed the basis of the ALJ's determination at step three, and, had the

21  ALJ determined step three in plaintiff's favor, plaintiff would have been found disabled

22  (*see* Tr. 30-31). Therefore, the ALJ's error is not harmless error. In addition, the ALJ's

23

24  finding that "there is no evidence in the medical record that he has been prescribed a

1  walker" was relied on by the ALJ when making his credibility determination (Tr. 36).

2  Finally, further demonstrating harm, the vocational expert testified that one with

3  plaintiff's residual functional capacity and with the additional restriction to the use of a

4  walker would be rendered unable to perform jobs (*see* Tr. 76; *see also* Tr. 74-76).

5      For the reasons stated, the Court concludes that the new evidence, while not

6  available to the ALJ, nevertheless demonstrates that the ALJ's decision is not based on

7  substantial evidence in the record as a whole. Therefore, this matter shall be reversed and

8  remanded for further consideration of the medical evidence, including the new evidence.

9

10     **(2)     Whether or not the Commissioner erred in evaluating opinion
           evidence.**

11     The ALJ gave significant weight to the opinion of state agency medical consultant,

12  Dr. Robert Hoskins, M.D., due in part to the ALJ's finding that Dr. Hoskins "had an

13  opportunity to review the entire record" (*see* Tr. 36). However, Dr. Hoskins did not have

14  an opportunity to review even the entire record as it existed before the ALJ, much less the

15  new evidence before this Court. The Court notes that Dr. Hoskins provided his opinion

16  on September 17, 2010, affirming an opinion that was rendered on June 3, 2010 (*see* Tr.

17  392). However, the ALJ in his written opinion discusses evidence from Dr. Matthew

18  Gambee, M.D. on July 15, 2010; from Dr. Patrick Ogilive, M.D. on September 22, 2010;

19

20  a MRI of the lumbar spine taken on January 18, 2011; a consultative examination with

21  Dr. Scott Laker, M.D. on February 1, 2011; and, a physical therapy appointment and

22  evaluation on February 28, 2011 (*see* Tr. 34). Therefore, the Court concludes that the

23  ALJ's finding that Dr. Hoskins "had an opportunity to review the entire record" is not

24

1  based on substantial evidence in the record as a whole. Furthermore, the new evidence

2  contains evidence from examining sources specifically regarding functional limitations,

3  (*see, e.g.,* Tr. 714-16, 815-22). Therefore, the opinion of Dr. Hoskins should be assessed

4  anew, along with the rest of the medical evidence that was before the ALJ and the new

5  evidence presented first to the Appeals Council.

6
            **(3)     Whether or not the Commissioner erred in assessing plaintiff's**
7            **credibility and whether or not the Commissioner erred in formulating**
            **his Residual Functional Capacity ("RFC") determination.**
8
        The Court already has concluded that the ALJ erred in reviewing the medical
9
    evidence and that this matter should be reversed and remanded for further consideration
10
    *see supra*, section 1. In addition, a determination of a claimant's credibility relies in part
11
    on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore,
12
    plaintiff's credibility should be assessed anew following remand of this matter. The Court
13
    also notes that the new evidence may counter the ALJ's finding that plaintiff "may have
14
    only attended one physical therapy appointment" (Tr. 35; *see also, e.g.,* Tr. 799 ("He did
15
    attempt physical therapy briefly until his number of treatments were completed")).
16
        Because this matter is reversed and remanded for further consideration of the
17
    medical evidence, *see supra*, section 1, and plaintiff's credibility shall be assessed anew,
18
    the ALJ assigned to this matter following remand shall by necessity determine anew
19
    plaintiff's RFC.
20
    //
21
    //
22

23

24

1

**(4)     Whether this matter should be reversed and remanded for an award of benefits or for further administrative proceedings.**

2

3

Generally, when the Social Security Administration does not determine a

4

claimant's application properly, "'the proper course, except in rare circumstances, is

5

to remand to the agency for additional investigation or explanation.'" *Benecke v.*

6

*Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth

7

Circuit has put forth a "test for determining when [improperly rejected] evidence

8

should be credited and an immediate award of benefits directed." *Harman v. Apfel*,

9

211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen v. Chater*, 80 F.3d 1273, 1292

10

(9th Cir. 1996)). It is appropriate when:

11

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

12

13

14

*Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

15

Here, outstanding issues must be resolved. *See Smolen, supra*, 80 F.3d at 1292.

16

Although the ALJ failed to discuss the new evidence that was not in the record before

17

him, it is not clear that plaintiff is disabled when the new evidence is added to the record.

18

In addition, remand will allow the ALJ to consider the new evidence not available to him

19

previously, including treatment records from Dr. Timothy J. Weber, M.D. Furthermore,

20

the decision whether to remand a case for additional evidence or simply to award benefits

21

is within the discretion of the court. *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir.

22

1989) (*citing Varney v. Secretary of HHS*, 859 F.2d 1396, 1399 (9th Cir. 1988)).

23

24

1    The ALJ is responsible for determining credibility and resolving ambiguities and

2    conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)

3    (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995)). If the medical evidence

4    in the record is not conclusive, sole responsibility for resolving conflicting testimony and

5    questions of credibility lies with the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th

6    Cir. 1999) (*quoting Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*citing

7    Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980))).

8                                        CONCLUSION

9
     The ALJ's finding that there is no evidence of an inability to ambulate effectively
10
     is not a finding based on substantial evidence in the record as a whole when the new
11
     evidence is considered. Therefore, the medical evidence must be assessed anew, as
12
     should plaintiff's credibility.
13

14    Based on the stated reasons and the relevant record, the Court **ORDERS** that this

15    matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

16    405(g) to the Acting Commissioner for further consideration.

17    **JUDGMENT** should be for plaintiff and the case should be closed.

18    Dated this 22nd day of April, 2014.

19

20    _____

21    J. Richard Creatura
      United States Magistrate Judge

22

23

24